Jerome Cayabyab TORIO, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 02–72109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 4, 2003.

John E. Jones, Esq., Law Offices of John E. Jones, Esq. San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., Anthony C. Payne, Esq., DOJ-U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Jerome Cayabyab Torio, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' denial of his second motion to reopen deportation proceedings. This court reviews the denial of motions to reopen under the abuse of discretion standard. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002); *Shaar v. INS*, 141 F.3d 953, 955

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

(9th Cir.1998). We conclude that the BIA did not abuse its discretion in denying petitioner's second motion to reopen, and we thus deny the petition. Because the parties are familiar with the facts, we recount them only as necessary.

■ A motion to reopen must be filed with the BIA within 90 days after entry of a final order of deportation, and no more than one motion may be filed. *See* 8 C.F.R. § 1003.2(c)(2). Torio's motion was both number-barred and time-barred as it was his second motion to reopen and was submitted over four years after a motion to reopen was due.

Torio's motion did not fit within the regulatory exception for asylum based on changed circumstances. The evidence attached to Torio's second motion to reopen did not establish that circumstances worsened in the Philippines, generally or in a manner relevant to Torio's asylum claim. The evidence consisted mainly of news articles describing general conditions in the Philippines, not substantially different from what Torio submitted previously.

■ Torio's argument that the BIA's statement, "we do not find that the applicant has established 'changed circumstances' in the Philippines," is an insufficient articulation of the grounds for dismissal is unavailing. Torio's failure to provide any evidence tending to establish changed circumstances disposes of any assertion that the BIA failed to explain its conclusion in that regard.

**PETITION DENIED.**

---

of this circuit except as provided by Ninth Circuit Rule 36–3.